UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARKEL AMERICAN INSURANCE
COMPANY,

    Petitioner,

v.                                    Case No: 5:11-CV-588-Oc-10PRL

MARK FLUGGA, ROBERT FLUGGA
and TINA BAKER

    Respondents.
_____/

## ORDER

The parties agree, pursuant to the *Cunningham* agreement[1] that they entered into on October 29, 2011, that this is a case about bad faith. Specifically, the parties agree that the issue in this litigation is whether Petitioner, Markel American Insurance Company, breached one or more duties of good faith to its insured, Mark and Robert Flugga, in the handling of Tina Baker's separate negligence claim against the Fluggas. (Doc. 16-2, ¶ 3.) The parties disagree, however, as to the scope of discovery to litigate that seemingly straightforward issue.

Before the Court is Respondent Baker's Motion to Compel Petitioner Markel to Produce Performance-Related Documents (that is, the personnel file of the claims adjuster, Terrance Nowak) (Doc. 36) and Respondents' Motion to Compel Markel to Designate a Corporate Representative for Deposition and to Produce Such Witness for

---

[1] A *Cunningham* agreement is where the parties stipulate to stay a negligence case pending a determination of the insurer's liability for the bad faith handling of a claim, and where the parties agree that the bad faith action can be tried prior to the underlying negligence action. *See Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179 (Fla. 1994).

Deposition Beyond the Discovery Deadline (Doc. 39). On September 19, 2012, the Court held a hearing on these motions.

## Facts

This declaratory judgment action arises out of a motorcycle accident that occurred on April 10, 2010, in which Ms. Baker (who was a passenger on the motorcycle driven by Mark Flugga and co-owned by Robert Flugga) sustained injuries. Ms. Baker sued the Fluggas and, through the course of attempting to settle Ms. Baker's claim, a dispute arose between the Fluggas and Petitioner regarding Petitioner's handling of the claim. As a result, on October 29, 2011, the parties agreed to end the negligence case brought by Ms. Baker against the Fluggas by entering into the *Cunningham* agreement. The parties' agreement has limited the scope of the instant declaratory action.

## Discussion

The scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A discovery request

"should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980); *see also Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984).

Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

### I. Respondent Baker's Motion to Compel Performance Documents (Doc. 36)

Respondent Baker seeks the personnel file of Mr. Nowak, the primary adjuster who handled Ms. Baker's claim. As an initial matter, Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Here, the disclosure of Mr. Nowak's personnel file is relevant (and discoverable), as Petitioner's handling of the claim is directly at issue, and Mr. Nowak handled the claim. *See e.g., Moss v. GEICO*, Case No. 5:10-cv-104-OC-10TBS, 2012 WL 682450, at *4 (M.D. Fla. March 2, 2012); *McPartland v. GEICO*, No. 6:09-cv-268-Orl-35GJK, at *17-18 (M.D. Fla. Jan. 12, 2010).

In *Moss*, a similar case concerning a bad faith action involving an insurance company, the Court held that the adjuster's personnel file was relevant and granted

3

production of documents regarding the employee's training, competence, abilities, shortcomings, accolades, and disciplinary history. *Moss*, 2012 WL 682450, at *5; *see also McPartland*, No. 6:09-cv-268-Orl-35GJK, at *17-18. Here, the Court finds *Moss* and *McPartland* persuasive.

Accordingly, Petitioner shall provide to Respondent Baker, Mr. Nowak's personnel file as requested in Respondent's Motion (Doc. 36, p. 3). However, the following safeguards shall be placed on the production: (i) documents in Mr. Nowak's personnel file for 2010 through October 29, 2011 (the date the *Cunningham* agreement was entered into), shall be given to Respondent; (ii) no personal matters not related to claim handling shall be provided to Respondent (e.g., Petitioner shall redact social security numbers, telephone numbers, drug test results, information relating to the employee's family or financial situation, and protected health information); (iii) the information provided to Respondent shall only be used in the instant litigation and for no other purpose; and (iv) the information shall not be shared with anyone who does not have a legitimate need to know the information on account of their involvement in this case.[2] Accordingly, Respondent's Motion (Doc. 36) is **GRANTED** as set forth herein.

Finally, to the extent Respondent seeks fees and costs pursuant to Fed. R. Civ. P. 37(a)(5), the Court finds that Petitioner's legitimate concerns about disclosure of Mr. Nowak's personnel file constitute "other circumstances mak[ing] an award of expenses unjust," and such request is denied. Fed. R. Civ. P. 37(a)(5)(iii).

---

[2] As the Court is mindful of Mr. Nowak's privacy, it finds these limitations reasonable. *See e.g., Moss*, 2012 WL 682450; *McPartland*, No. 6:09-cv-268-Orl-35GJK.

4

## II. Respondents' Motion to Compel Corporate Representative (Doc. 39)

Respondents ask the Court to compel Petitioner to identify a corporate representative for deposition that can respond to the areas of inquiry on the attached Exhibit 1. Some of the areas of inquiry are quite broad and include information pertaining to, for example: all Florida bodily injury claims during 2010 and 2011; any computer systems available or used; and modes and methods of communication.

Essentially, Petitioner argues that many of the areas requested are beyond the scope of the parties' *Cunningham* agreement (i.e., beyond Petitioner's handling of Ms. Baker's claim). However, Petitioner agreed to produce the person with the most knowledge of Ms. Baker's claim, or Florida motorcycle claims, or even the person with the most knowledge of handling automobile related bodily injury claims for personal lines of insurance. Respondents insist, however, that additional areas of inquiry are relevant.

The Court agrees that Respondents are entitled to depose <u>either</u> the person with the most knowledge of Baker's claim <u>or</u> the person with the most knowledge of Florida motorcycle claims (<u>or both</u>).[3] Clearly, testimony from the person with the most knowledge of Ms. Baker's claim is within the scope of the parties' *Cunningham* agreement and relevant to this action and in determining whether the claim itself was handled appropriately with respect to how other similar claims were handled or should be handled under Petitioner's policies. Testimony provided by someone with the most knowledge of motorcycle claims would also be relevant and reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26, for the same

---

[3] At the hearing, Petitioner represented that there was a set line of business for motorcycle claims, which is the policy that controls here.

reasons. It seems that Petitioner's representative or representatives with the most knowledge of Ms. Baker's claim and Florida motorcycle claims (whether that is the same person or two different corporate representatives) would be able to provide testimony regarding many (if not most) of the areas of Respondents' inquiry, and may do so.

The testimony of a corporate representative with the most knowledge of Ms. Baker's claim or motorcycle policies will effectively limit the discovery to an area less broad than Respondents' instant request for essentially all personal injury claims in Florida and any detailed examination of the computer systems and modes and methods of communication used by Petitioner. The Court agrees that Respondents' request for information pertaining to essentially all "Florida bodily injury claims during 2010 and 2011" is overly broad and encroaches into areas of discovery outside of the scope of the parties' *Cunningham* agreement, and is otherwise not relevant to Petitioner's handling of Ms. Baker's claim. For example, this request would lead to the discovery of personal <u>and</u> commercial lines of coverage on all bodily injury claims, where here, given the scope of the *Cunningham* agreement, the issue before the Court is Petitioner's handling of Ms. Baker's claim under the Fluggas' personal line motorcycle policy. Moreover, the Court is reluctant to permit Respondents' requests to the extent they seek (without any evidence of Petitioner's nondisclosure) discovery solely for the purpose of determining whether Petitioner is correctly producing all responsive information (e.g., Exh. 1, ¶¶ 5, 6, 8 & 13.). However, Respondents may inquire into these areas to the extent the corporate representative(s) has any knowledge thereof.

Finally, although Respondents did not make a specific request for fees and costs, Fed. R. Civ. P. 37(a)(5) requires the Court to award expenses in connection with this motion unless it finds that one of the exceptions in the Rule applies. The Court finds that Petitioner's legitimate concerns about the relevancy and breadth of disclosure is "substantially justified," so the Court denies any recovery for fees and costs. Fed. R. Civ. P. 37(a)(5)(ii).

Accordingly, Respondents' Motion (Doc. 39) is **GRANTED** to the extent that Petitioner shall produce for deposition either the person with the most knowledge of Baker's claim or the person with the most knowledge of Florida motorcycle claims (or both). Based on the foregoing, discovery is extended for the limited purpose of conducting the deposition of Petitioner's corporate representative(s) on or before **November 9, 2012.**[4]

   **IT IS SO ORDERED.**

   **DONE** and **ORDERED** in Ocala, Florida on September 24, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

   All Counsel

---

[4] If the parties desire to set the deposition(s) at the Court on a day the undersigned is available to hear objections, the parties should communicate with the Clerk about doing so.

## DEFINITIONS:

A. <u>YOU</u> or <u>YOUR</u> refers to the Markel American Insurance Company, its agents, employees, officers, directors, or other designated representatives.

B. <u>ACCIDENT</u> refers to the motor vehicle accident that occurred on or about April 10, 2010 involving a motorcycle driven by Mark Flugga and co-owned by Robert Flugga and a vehicle driven by Laurene Ferrell.

C. <u>UNDERLYING CLAIM</u> refers to the claims made against Mark Flugga and Robert Flugga by Tina Baker, arising out of the ACCIDENT.

D. <u>UNDERLYING LITIGATION</u> refers to the matter styled, *Tina Baker v. Mark E. Flugga and Robert Flugga,* Case No. 10-CA-3149, in the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida.

## THE MATTERS UPON WHICH EXAMINATION IS REQUESTED ARE:

1. Identification of all **original** documents contained or maintained in the home office, regional office, and branch office files of Petitioner, its agents, or adjusters which deal with and contain any written memoranda, correspondence, notations or other writings, audio tapes, videotapes or computer files received by or made by Petitioner or its agents in connection with the claim of Tina Baker, the investigation and evaluation of said claim, and any negotiation or attempted settlement of said claim from April 10, 2010, through October 29, 2011.

2. Identification and explanation of the claims handling manuals, procedures, guidelines, form catalogs, worksheets, checklists, and memoranda used by, maintained by, referenced by or available to Petitioner's claims examiners and/or claims managers for the handling, investigation, adjustment or evaluation of Florida bodily injury liability claims during 2010 and 2011.

3. Identification and explanation of all training materials, claims school materials, seminar materials, videotapes, handouts, pamphlets, bulletins, or other documents dealing with the handling of liability claims used, maintained, referenced or available to Petitioner's claims examiners and/or claims managers for the handling, investigation, adjustment or evaluation of Florida bodily injury liability claims during 2010 and 2011.

4. Identification and explanation of the hierarchy, levels of responsibility, and supervision provided to Petitioner's claims examiners, claims managers, or other employees or agents handling, investigating, adjusting or evaluating Florida bodily injury liability claims during 2010 and 2011.

5. Identification and explanation of all modes and methods of communication between, among and available to Petitioner's claims examiners, claims managers, or other

Exhibit 1

employees or agents handling, investigating, adjusting or evaluating Florida bodily injury liability claims during 2010 and 2011.

6. Identification and explanation of any computer system(s) available to or used by claim examiners and claim managers during the handling, investigating, evaluating and adjusting Florida bodily injury liability claims during the years 2010 through 2011, including but not limited to "OnBase."

7. Identification and explanation of any system or process for conducting performance or compliance reviews of Petitioner's employees or agents handling Florida bodily injury liability claims from 2010 and 2011.

8. Identification and explanation of YOUR document maintenance, retention and destruction policies and procedures for both electronically stored information and information maintained in hard copy, for any documents created or received by YOU in connection with Florida bodily injury claims for the period of 2010 through present.

9. Identification and explanation of all rules, regulations, policies, procedures, guidelines, forms, worksheets, checklists, or other written instruments used by or available to claims examiners or claim managers for the investigation and evaluation of liability issues for Florida bodily injury liability claims from 2010 and 2011.

10. Identification and explanation of all rules, regulations, policies, procedures, guidelines, forms, worksheets, checklists, or other written instruments used by or available to claims examiners or claim managers for the investigation and evaluation of past and future medical expenses for Florida bodily injury liability claims from 2010 and 2011.

11. Identification and explanation of all rules, regulations, policies, procedures, guidelines, forms, worksheets, checklists, or other written instruments used by or available to claims examiners or claim managers for the investigation and evaluation of past and future lost wages for Florida bodily injury liability claims from 2010 and 2011.

12. Identification and explanation of all rules, regulations, policies, procedures, guidelines, forms, worksheets, checklists, or other written instruments used by or available to claims examiners or claim managers for the investigation and evaluation of past and future non-economic damages for Florida bodily injury liability claims from 2010 and 2011.

13. Identification and explanation of all procedures to conduct standard compliance reviews, quality control reviews, or other audits of claims files and processes by YOU from 2010 through 2011.

14. Identification and explanation of any investigation of the ACCIDENT performed by YOU.

15. Identification and explanation of any investigation of the UNDERLYING CLAIM performed by YOU.

16. Identification and explanation of all evaluations by YOU of the damages caused by the ACCIDENT and sought in the UNDERLYING CLAIM.

17. Identification and explanation of setting and adjusting of reserves for the UNDERLYING CLAIM.

18. Identification and explanation of all assessments, evaluations, recommendations and decisions concerning the making or timing of offers to settle the UNDERLYING CLAIM.

19. Identification of individuals and entities on Petitioner's Revised Privilege Log and explanation of their job title and role in the UNDERLYING CLAIM and/or UNDERLYING LITIGATION.

**THE DEPONENT IS TO PRODUCE AT THAT TIME AND PLACE ALL DOCUMENTS THAT RELATE TO THE AREAS OF INQUIRY IDENTIFIED ABOVE.**

NOTE: Any documents you contend are privileged will not be disclosed at deposition, However, please bring them and they will be marked sufficiently for identification to allow subsequent judicial determination as to the claimed privilege.